```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 --------------------------------------- X
                                         :
 UNITED STATES ex rel. TAMIKA MILLER     :
 and TAMIKA MILLER,                      :
                         Plaintiffs,     :
                                         :
              -v-                        :      19cv10970 (DLC)
                                         :
 CITIGROUP INC., CITIBANK, N.A.,         :      OPINION AND ORDER
 CITIBANK INC., and DOE CORPORATIONS 1-  :
 10,                                     :
                                         :
                         Defendants.     :
                                         :
 --------------------------------------- X
```

APPEARANCES:

For the United States:
Rebecca Sol Tinio
Jeffrey Kenneth Powell
U.S. Attorney's Office, SDNY
86 Chambers Street
3rd Floor
New York, NY 10007

For Tamika Miller:
Robert John Valli, Jr.
Sara Wyn Kane
Valli Kane & Vagnini, LLP
600 Old Country Rd.
Ste. 519
Garden City, NY 11530

Cleveland Lawrence, III
Ezra Bronstein
Richard Condit
Mehri & Skalet, PLLC
2000 K Street, NW
Ste 325
Washington, DC 20006

For defendants:
Debra Bogo-Ernst
Hans J. Germann

Lucia Nale
Mayer Brown LLP (Chicago)
71 South Wacker Drive
Chicago, IL 60606

Jordan Michael Smith
Akerman LLP
1251 Avenue of the Americas
Ste 37th Floor
New York, NY 10022

DENISE COTE, District Judge:

Tamika Miller (the "Relator") has moved for reconsideration of the Opinion of June 22, 2022 granting the defendants' motion to dismiss without leave to amend the complaint and denying the Relator's motion for a relator's share.  For the following reasons, the Relator's motion for reconsideration is denied.

## Background

This Court assumes familiarity with its June 22 Opinion and summarizes only the facts necessary to decide this motion.  See United States ex rel. Miller v. Citigroup Inc., 19CV10970, 2022 WL 2237619 (S.D.N.Y. June 22, 2022).  As alleged in the Relator's complaint, the Relator was employed by the defendants in 2014 to assist in the oversight of their third-party vendors' compliance with applicable laws, regulations, and consent orders.  In that position, the Relator observed what she believes are numerous violations of applicable law, as well as

2

violations of two consent orders that the defendants entered in

2015 with the Office of the Comptroller of Currency ("OCC") and

the Consumer Financial Protection Bureau ("CFPB").  The Relator

alleges that the defendants had an obligation to accurately

report their compliance to the Government, but that they

deliberately hid compliance failures and falsified reports in

order to avoid disclosing violations.

On November 27, 2019, the Relator filed this qui tam

action, bringing a claim against the defendants for improperly

avoiding payment obligations (a "reverse false claim") in

violation of the False Claims Act ("FCA"), among other causes of

action.  In June of 2020, the Government declined to intervene

in the action.

On January 31, 2022, the Relator moved for a share of a

$400 million fine the OCC had obtained against the defendants in

a 2020 consent order, arguing that her disclosure of the

defendants' violations formed the basis for the consent order.

On March 25, while that motion was being briefed, the defendants

moved to dismiss the complaint for failure to state a claim.

The Relator consented to dismissal of the claims against

Citigroup, Inc. and Citibank, Inc., and voluntarily dismissed

3

each claim asserted in the complaint except for the reverse false claim.

On June 22, this Court granted the defendants' motion to dismiss, denied the Relator's motion for a share of the OCC's $400 million award, and denied the Relator's request for leave to amend her complaint.  Miller, 2022 WL 2237619, at *5.  The Relator moved for reconsideration of the June 22 Opinion on July 20.  The Relator included with her motion for reconsideration proposed amendments to her complaint.

## Discussion

The standard for granting a motion for reconsideration is "strict."  Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Cho, 991 F.3d at 170. The decision to grant or deny the motion for reconsideration

4

rests within "the sound discretion of the district court."
Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation
omitted).

The motion for reconsideration must be denied.  It does not
identify any issue overlooked by the Court or any change in
controlling law.  Instead, it repeats at greater length
arguments already considered and rejected.

I.   Obligation to Pay

To state a claim under the reverse false claims provision,
a relator must adequately allege the existence of an
"obligation" to pay the Government that the defendant "knowingly
conceals or knowingly and improperly avoids or decreases."  31
U.S.C. § 3729(a)(1)(G).  An "obligation" refers to "an
established duty, whether or not fixed," and may arise from a
contractual relationship or statutory or regulatory obligation.
Id. § 3729(b)(3).  "Where a complaint makes no mention of any
financial obligation that the defendants owed to the government,
and does not specifically reference any false records or
statements used to decrease such an obligation, a court should
dismiss the reverse false claim."  United States ex rel. Foreman
v. AECOM, 19 F.4th 85, 119 (2d Cir. 2021) (citation omitted).

5

The Opinion of June 22 found that the Relator had not plausibly alleged conduct giving rise to an "obligation" to pay within the meaning of the FCA.  Miller, 2022 WL 2237619, at *3-4.  The Relator alleged that the defendants had violated applicable laws, regulations, and consent orders, and then concealed those violations from the Government.  As several courts of appeals have held, however, unassessed liability for a violation of regulation or a consent order does not create an "established duty" to pay.  See id. at *3 (collecting cases). Accordingly, the Relator had not plausibly alleged a reverse false claim under the FCA.  And because she had not stated a valid claim under the FCA, she was not entitled to a share of any alternate remedy.  See L-3 Commc'ns EOTech, Inc., 921 F.3d 11, 29-30 (2d Cir. 2019) (relator had no right to an alternate remedy for a qui tam claim brought in a complaint that had been voluntarily dismissed); see also United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 522 (6th Cir. 2007) (relator must allege a valid qui tam claim to be entitled to a share of an alternate remedy).

The Relator argues that she plausibly alleged an obligation to pay because applicable federal statutes impose mandatory penalties for violations.  This argument was raised in

6

opposition to the defendants' motion to dismiss, however, and it need not be reconsidered.  See Analytical Surv., Inc., 684 F.3d at 52.  As the June 22 Opinion explained, a violation of a law does not automatically give rise to an "obligation" within the meaning of the FCA, even if that violation comes with a monetary penalty.  Miller, 2022 WL 2237619, at *3.  An "obligation" to pay does not arise "as soon as the conduct that is the basis for the fine has occurred" -- it attaches only when the "duty to pay that fine has been formally established."  See United States ex rel. Simoneaux v. E.I. duPont de Nemours & Co., 843 F.3d 1033, 1038 (5th Cir. 2016) (quoting legislative history).

The Relator argues that her case is distinguishable from decisions finding no obligation to pay because the defendants in this case had a duty to disclose their compliance with applicable laws, regulations, and consent orders.  But breach of a duty to disclose a violation does not give rise to an "obligation" to pay any more than the violation itself does.  A person who complies with the duty to disclose is left in the same position as any other lawbreaker: the Government may choose to assess a penalty, or it may not.  An obligation to pay arises

7

only if the Government takes the former route.  See Simoneaux at
1039.[1]

II.  Heightened Pleading Standard

The Opinion of June 22 also dismissed the Relator's claim
because it did not satisfy Rule 9(b)'s heightened pleading
standard.  A relator alleging a claim subject to this heightened
pleading standard must "state with particularity the
circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  A
claim under the FCA must therefore ordinarily "(1) specify the
statements that the plaintiff contends were fraudulent, (2)
identify the speaker, (3) state where and when the statements
were made, and (4) explain why the statements were fraudulent."
United States ex rel. Chorches v. Am. Med. Response, Inc., 865
F.3d 71, 81 (2d Cir. 2017) (citation omitted).

The Relator argues that this standard is applicable only to
conventional false claims under the FCA, and not to reverse

---

[1] The Relator cites United States ex rel. Customs Fraud
Investigations, LLC v. Victaulic Co., 839 F.3d 242 (3d Cir.
2016), for the proposition that noncompliance with a duty to
disclose information giving rise to liability creates an
"obligation" under the FCA.  The Relator did not cite to this
decision in briefing on either the motion to dismiss or the
motion for a relator's share, and therefore it need not be
considered here.  Regardless, the case is distinguishable
because it dealt with an obligation made immediately payable by
statute.  See id. at 246, 254 (quoting 19 U.S.C. § 1304(i)).

false claims, which may impose liability on a defendant even

when the defendant does not make any affirmative

misrepresentation.  The Relator raised this argument in

opposition to the motion dismiss, however, and it remains

unavailing.  The Second Circuit has held that "Rule 9(b)'s

heightened pleading standard applies to reverse false claims."

Foreman, 19 F.4th at 119.  Accordingly, the Relator was required

to allege "with particularity" the circumstances giving rise to

the reverse false claim.  Fed. R. Civ. P. 9(b).

     Moreover, although a reverse false claim need not involve

any affirmative misrepresentation, the Relator alleged that the

defendants made such misrepresentations by falsifying audit

reports.  To the extent that the Relator's claim depends on that

misrepresentation, it must be alleged with particularity.  See

Foreman, 19 F.4th at 119.  Nor may the Relator avoid Rule 9(b)'s

heightened pleading standard by basing liability on a failure to

disclose violations.  Rule 9(b) applies to claims involving

fraudulent omissions just as it applies to claims involving

fraudulent misstatements.  See Employees' Ret. Sys. of Gov't of

V.I. v. Blanford, 794 F.3d 297, 305 (2d Cir. 2015).

     The Relator's complaint did not describe or identify "any

specific false record or statement that [the defendants] made to

avoid" any obligation.  Foreman, 19 F.4th at 119.  Nor did it

discuss any specific incident in which the defendants violated

an applicable law, regulation, or consent order and then failed

to disclose the violation.  Accordingly, the complaint was

appropriately dismissed under Rule 9(b).

III. Evidence Outside the Pleadings

The Relator argues that the June 22 Opinion improperly

relied on facts outside of the complaint when granting the

defendants' motion to dismiss.  When considering a motion to

dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept as

true the factual allegations in the complaint and draw all

inferences in the plaintiff's favor."  Foreman, 19 F.4th at 104

(citation omitted).  Accordingly, a court may not normally rely

on evidence not alleged, attached, or incorporated into the

pleadings when deciding a motion to dismiss.  Id. at 107.

The June 22 Opinion did not rely on evidence outside of the

pleadings in dismissing the Relator's complaint.  The Relator's

complaint was dismissed because it failed to allege any

fraudulent misstatements or omissions with the requisite

particularity, and because its allegations did not give rise to

an obligation to pay within the meaning of the FCA.  Miller,

2022 WL 2237619, at *3-4.  In its discussion of the case's

factual background, the Opinion mentioned matters outside of the pleadings because the Opinion considered not only the defendants' motion to dismiss but also the Relator's motion for a share of the OCC's $400 million fine.  See id. at *1-2.  The motion for a relator's share depended on facts outside the pleadings -- indeed, the OCC had not issued the fine until after the complaint was filed.  Id.  But these facts formed no part of the Opinion's analysis of the motion to dismiss, which relied only upon the allegations pled in the Relator's complaint.

The Relator also argues that the June 22 Opinion improperly determined the basis for the OCC's 2020 consent order without allowing for sufficient discovery on the issue.  The Relator, however, chose to move for a share of the OCC's fine before she had obtained discovery.  Moreover, the content of the consent order would have been subject to judicial notice even if it had not been submitted with the parties' briefs.  See Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112, 124 n.12 (2d Cir. 2010).  As the June 22 Opinion explained, however, the Relator's request for a share of the award "must be denied regardless . . . because she has failed to state a claim." Miller, 2022 WL 2237619, at *2.  Accordingly, the complaint was correctly dismissed, and the Relator's request for a relator's

share correctly denied, regardless of the basis for the OCC's
fine.  The deficiencies in the Relator's complaint provided
sufficient justification for the June 22 Opinion's disposition
of the motions before the Court.

IV.  Leave to Amend

Finally, the Relator argues that the June 22 Opinion
improperly denied her leave to amend the complaint.  The Relator
cites Loreley Financing (Jersey) No. 3. Ltd. v. Wells Fargo
Securities, LLC, 797 F.3d 160, 189-91 (2d Cir. 2015), for the
proposition that a plaintiff must always be given at least one
opportunity to amend a complaint after there has been a
definitive ruling on a motion to dismiss.  As the June 22
Opinion explained, however, Loreley Financing does not announce
such a rule.  In that decision, the Second Circuit held that
plaintiffs do not "forfeit" any opportunity to amend their
complaint when they decline to amend it at a pre-motion
conference.  Id. at 190.  Here, the plaintiff had the
opportunity to review the defendants' motion to dismiss when she
declined to amend her complaint.  In any event, the decision in
Loreley Financing "le[ft] unaltered the grounds on which denial
of leave to amend has long been held proper, such as undue
delay, bad faith, dilatory motive, and futility."  Id.

12

The June 22 Opinion denied the Relator's request for leave to amend, not because the Relator had forfeited the opportunity to amend, but because amendment would have been futile.  <u>Miller</u>, 2022 WL 2237619, at *4.  And as the Relator's proposed amendments confirm, the defects identified in the Opinion cannot be cured by amendment.  Although the proposed First Amended Complaint contains more detail about the defendants' alleged violations, the Relator's reverse false claim still alleges compliance failures that do not by themselves give rise to an "obligation" to pay under the FCA.  Finally, leave to amend was properly denied because the Relator failed to support her request to amend with any proposed amendment or explanation of how the defects in her pleading would be cured.

### Conclusion

The Relator's July 20, 2022 motion for reconsideration is denied.

Dated:  New York, New York
        August 1, 2022

_____
DENISE COTE
United States District Judge

13